UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

CHRISTOPHER EZZO, ANGELA EZZO,      Civil Action No.:  CV13-4007
SUSAN HANAN, and CAROL MCCALL

          Plaintiffs,

   -against-

                                        **STIPULATION**
BENTLEY YACHT CLUB, ROBERT A.        **OF SETTLEMENT**
MINLIONICA, EDWARD ROBISKY,
CASEY J. ROBISKY, BRIAN RUSSELL,
GINGER RUSSELL, KEVIN HARTNET,
PATRICK BRITIEN, JOHN CORDES

          Defendants.
-------------------------------------------------------------X

      WHEREAS, Plaintiffs CHRISTOPHER EZZO, ANGELA EZZO, SUSAN HANAN and

CAROL MCCALL ("Plaintiffs"), having commenced this action in the Supreme Court,

Richmond County to, *inter alia*, eject defendants BENTLEY YACHT CLUB, ROBERT A.

MINLIONICA, EDWARD ROBISKY, CASEY J. ROBISKY, BRIAN RUSSELL, GINGER

RUSSELL, KEVIN HARTNET, PATRICK BRITIEN and JOHN CORDES ("Defendants")

from certain real property owned by Plaintiffs and located at 69 Hopping Avenue, Staten Island,

New York ("Ezzo Property") and 65 Hopping Avenue, Staten Island, New York

("Hanan/McCall Property") (collectively the "Premises") and to enforce Plaintiffs' riparian

rights as to said Premises; and

      WHEREAS, defendants BENTLEY YACHT CLUB, ROBERT A. MINLIONICA,

EDWARD ROBISKY, CASEY J. ROBISKY, KEVIN HARTNET, PATRICK BRITIEN and

JOHN CORDES ("Answering Defendants") having appeared by counsel and having removed

this action to the United States District Court for the Eastern District of New York by notice of removal dated July 12, 2013; and

WHEREAS, Answering Defendants having answered Plaintiffs' complaint herein and having substantially denied the allegations contained in the Plaintiffs' complaint and having asserted various defenses thereto; and

WHEREAS defendants BRIAN RUSSELL and GINGER RUSSELL ("Non-Answering Defendants") having failed to appear herein and being in default of answering the summons and complaint; and

WHEREAS, Plaintiffs allege that the deed for the Ezzo Property specifically demised to Christopher Ezzo and Angela Ezzo ("Ezzo Plaintiffs") real property which extends out from the land and into the adjacent waterway approximately 60' past the United States Pier and Bulkhead line, a copy of which deed is annexed hereto as made a part hereof as Exhibit "A"; and

WHEREAS, Plaintiffs allege that the deed for the Hanan/McCall Property Property specifically demised to Susan Hanan and Carol MCCall ("Hanan/McCall Plaintiffs") real property which extends out from the land as set forth in the deed annexed hereto and made a part hereof as Exhibit "B"; and

WHEREAS Plaintiffs have alleged that the Answering Defendants have no right at law to maintain mooring balls or otherwise moor, dock and/or store boats and/or watercraft within the waters which are within the boundaries of Plaintiffs' Property; and

WHEREAS, by settling this action, the Answering Defendants are neither admitting nor denying the veracity of these assertions but are settling this matter without conceding same; and

2

WHEREAS, the Answering Defendants having removed their boats, mooring balls, anchors and other personal property from the Premises such that same are presently located outside the boundaries of the Premises; and

WHEREAS, except as might be specifically permitted by law and by applicable permit, pursuant to 33 U.S.C.A. § 404 the area beyond the United States Pier Head and Bulkhead line is within the navigable waters of the United States and no structure shall be permitted to be built beyond said point; and

WHEREAS, except as might be specifically permitted by law and by applicable permit, pursuant to NYS Navigation Law § 36, no unattended floating objects are permitted to be moored or anchored within any part of any navigable waters, thus making the area beyond the United States Pier and Bulkhead line not subject to the mooring of boats and water craft as a matter of law; and

WHEREAS, Answering Defendants have secured a permit from the United States Army Corp. of Engineers allowing boats and moorings to be located in the mooring field as set forth in the diagram approved by the United States Army Corp. of Engineers, a copy of which is annexed hereto as Exhibit "C"; and

WHEREAS, Plaintiffs and the Answering Defendants are desirous of settling any and all claims between them now and forever and memorializing their agreement in this Stipulation and order;

NOW, THEREFORE, it is hereby stipulated and agreed, by and between the parties hereto as follows:

1.     Answering Defendants shall refrain from anchoring, mooring, docking or otherwise placing any boats, floats, mooring balls or other objects within the boundary lines of the Premises.

2.     Answering Defendants shall comply with the terms and conditions of 33 U.S.C.A.§ 404*et seq.* and NY Navigation Law § 36 *et seq.* as it pertains to the area(s) of the Premises which are outside the United States Pier and Bulkhead line such that those areas are kept free and clear of any boats, floats, mooring balls or other objects within the boundary lines of the Premises, as required by law.   However, nothing contained herein shall preclude answering defendants from maintaining mooring balls, boats, etc. pursuant to the permit issued by the Army Corps. of  Engineers or otherwise, provided they are not relocated within the boundary lines of the Premises.

3.     Answering Defendants waive any and all claims for any rights which might allege to have   accrued or been acquired by Answering Defendants as to any adverse possession, prescriptive easement, easement by necessity or other right to use and or occupy the Premises, with prejudice.

4.     All parties hereto agree that Defendant Bentley Yacht Club may maintain and utilize its moorings pursuant to a permit issued by the United States Army Corp. of Engineers in conformity therewith without interference or objection by Plaintiffs.

5.     The complaint herein is hereby withdrawn, with prejudice, as to the Answering Defendants, pursuant to the terms and conditions contained herein.   Simultaneously with the execution of this agreement, the Parties shall exchange general releases, which shall specifically exclude the rights and obligations of the parties pursuant to this Stipulation.

6.   Nothing contained herein shall preclude the Plaintiffs from entering a default and pursuing a default judgment as against the Non Answering Defendants.

7.   The parties expressly agree and understand that (i) this Stipulation shall be "so Ordered" such that the terms contained herein shall constitute an Order of this Court, (ii) that the terms and conditions of this Stipulation shall be enforceable by any of the parties hereto, and (iii) shall be binding each of the parties successors and/or assigns.

8.   In the event that any party hereto shall seek to enforce the terms and conditions of this Stipulation, the prevailing party in any such proceedings shall be entitled to recover of the other party the prevailing party's reasonable and actual counsel fees and costs.

9.   This Stipulation constitutes the entire agreement between the parties with respect to the subject matter thereof, and all agreements and/or understandings heretofore had between the parties with respect to the subject matter of this Stipulation are merged into the terms of this Stipulation.

10.   The parties each represent and warrant that they have not relied upon any representation, express or implied, in entering into this Stipulation, except those set forth in this Stipulation.

11.   This Stipulation may not be waived, amended, modified, or discharged, except by an agreement in writing signed by the party against whom such waiver, amendment, modification, or discharge is sought.  No oral understanding or agreement shall be effective to waive, amend, modify, or discharge the terms and/or conditions of this Stipulation.

12.    Signature on a facsimile copy of this Stipulation shall have the same force and effect as an original signature.  This Stipulation may be executed in separate counterparts.

Dated: Staten Island, New York
      January 30, 2014

CRAWFORD & BRINGSLID                          CASELLA & CASELLA
Attorneys at Law, P.C.

By:_____                        By:_____
    Allyn J. Crawford, Esq.                        Keith Casella, Esq.
    900 South Avenue, Suite 204                    1200 South Avenue, Suite 201
    Staten Island, New York 10314                  Staten Island, New York 10314
    (718) 273-9414                                 (718) 979-1137


CHRISTOPHER EZZO                              ANGELA EZZO
                                             Subscribed and sworn to before me
                                             this day 30th of January, 2014.

AMANDA B QUINONES
Notary Public - State of New York
NO. 01QU6288191
Qualified in Suffolk County
My Commission Expires Sep 3, 2017

Susan Hanan
SUSAN HA. MAN                                CAROL MCCALL
                                             NOTARY: Amanda B Quinones

BENTLY YACHT CLUB


By:_____
    Robert A. Minlionica, Comodore           ROBERT A. MINLIONICA
    _____                   _____


EDWARD ROBISKY                               CASEY J. ROBISKY

6

12.   Signature on a facsimile copy of this Stipulation shall have the same force and effect as an original signature.  This Stipulation may be executed in separate counterparts.

Dated: Staten Island, New York
       January ___, 2014

CRAWFORD & BRINGSLID
Attorneys at Law, P.C.

By:_____
   Allyn J. Crawford, Esq.
   900 South Avenue, Suite 204
   Staten Island, New York 10314
   (718) 273-9411

_____
CHRISTOPHER EZZO


_____
SUSAN HANNAN

BENTLY YACHT CLUB

By:_____
   Robert A. Minlionica, Comodore


_____
EDWARD ROBISKY

CASELLA & CASELLA

By:_____
   Keith Casella, Esq.
   1200 South Avenue, Suite 201
   Staten Island, New York 10314
   (718) 979-1137

_____
ANGELA EZZO


_____
CAROL MCCALL


_____
ROBERT A. MINLIONICA


_____
CASEY C. ROBISKY

6

KEVIN HARTNET

PATRICK BRITIEN

JOHN CORDES

**EXHIBIT A**

T 69 1 — Standard N.Y.B.T.U. Form 8002. Bargain & sale deed,
with covenant against grantor's acts — Ind. or Corp.: single sheet, 11-66

DISTRIBUTED BY Blumberg Excelsior, Inc.,
NYC 10013

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT — THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY

THIS INDENTURE, made on   October 21st, 2002

BETWEEN   MARTHA LOTVIN, Surviving Tenant by the Entirety,
residing at 69 Hopping Avenue, Staten Island,
New York, 10307,

party of the first part, and CHRISTOPHER EZZO and ANGELA EZZO, his wife,
both residing at 5309 Amboy Road, Staten Island,
New York, 10312,

party of the second part,

WITNESSETH, that the party of the first part, in consideration of Ten Dollars and other valuable consideration paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Staten Island, County of Richmond, City and State of New York, being bounded and described as follows:

BEGINNING at a point on the northwesterly side of Hopping Avenue (66 feet wide), distant 646.67 feet northeasterly from the intersection formed by the northwesterly side of Hopping Avenue and the northeasterly side of Amboy Road;

RUNNING THENCE North 58 degrees, 05 minutes, 13 seconds West, 725.80 feet to the westerly line of Lot 147 in Block 8005 as shown on the Tax Map of the City of New York, County of Richmond in the Arthur Kill;

THENCE northerly along the said westerly line of lot 147 in Block 8005 in the Arthur Kill approximately 60.00 feet;

THENCE South 58 degrees, 05 minutes, 13 seconds East, 744.44 feet to the northwesterly side of Hopping Avenue;

THENCE along the northwesterly side of Hopping Avenue South 31 degrees, 39 minutes, 47 seconds West, 60.00 feet to the point or place of BEGINNING.

SAID premises being known as 69 Hopping Avenue, Staten Island, New York.

BEING the same premises conveyed to the party of the first part and her husband, Bernard Lotvin, (now deceased) by Deed dated July 10, 1973 and recorded in the Richmond County Clerk's Office on July 10, 1973 in Liber 2044 of Deeds at Page 192.

TOGETHER with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above described premises to the center lines thereof; TOGETHER with the appurtenances and all the estate and rights of the party of the first part in and to said premises; TO HAVE AND TO HOLD the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

AND the party of the first part covenants that the party of the first part has not done or suffered anything whereby the said premises have been encumbered in any way whatever, except as aforesaid.

AND the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose. The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.

IN WITNESS WHEREOF, the party of the first part has duly executed this deed the day and year first above written.

IN PRESENCE OF:

_Martha Lotvin_
MARTHA LOTVIN

**ACKNOWLEDGMENT IN NEW YORK STATE (RPL 309-a)**

State of New York, County of Richmond          ss.:

On Oct. 21st, 2002 before me, the undersigned, personally appeared

Martha Lotvin,

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

NICOLE J. McCARTHY
Notary Public, State of New York
No.01MC6022329
Qualified in Richmond County
Commission Expires March 29, 2003

*(signature and office of individual taking acknowledgment)*

---

**ACKNOWLEDGMENT OUTSIDE NEW YORK STATE (RPL 309-b)**

State of                    County of          ss.:

On                          before me, the undersigned, personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in

*(insert city or political subdivision and state or county or other place acknowledgment taken)*

*(signature and office of individual taking acknowledgment)*

---

**ACKNOWLEDGMENT BY SUBSCRIBING WITNESS(ES)**

State of
County of                                   ss.:

On
personally appeared                         before me, the undersigned,

the subscribing witness(es) to foregoing instrument, with whom I am personally acquainted, who, being by me duly sworn, did depose and say that he/she/they reside(s) in *(if the place of residence is in a city, include the street and street number, if any, thereof);*

that he/she/they know(s)

to be the individual(s) described in and who executed the foregoing instrument; that said subscribing witness(es) was (were) present and saw said

execute the same; and that said witness(es) at the same time subscribed his/her/their name(s) as a witness(es) thereto. (☐ *If taken outside New York State insert city or political subdivision and state or country or other place acknowledgment taken* And that said subscribing witness(es) made such appearance before the undersigned in

*(signature and office of individual taking acknowledgment)*

---

**Bargain and Sale Deed**
WITH COVENANT AGAINST GRANTOR'S ACTS

TITLE No. JTDR-02555

MARTHA LOTVIN,

TO

CHRISOPHER EZZO and
ANGELA EZZO, his wife.

C.C REEL 1402 5 PAGE 104

---

Premises: 69 Hopping Avenue
Staten Island, NY

SECTION
BLOCK      8005
LOT        147
COUNTY OR TOWN RICHMOND

**RETURN BY MAIL TO:**

Victor T. Carasaniti, Esq.
1602 Richmond Road
Staten Island, NY

Zip No. 10304

---

*Reserve this space for use of Recording Office.*

**RICHMOND COUNTY CLERK**
**RECORDING and ENDORSEMENT PAGE**
**COUNTY OF RICHMOND**
This page forms part of the instrument

Total Number of pages in document
INCLUDING this page> 3

| | |
|---|---|
| Premises | RECORD & Name Victor T. Carasaniti, Esq. |
| 69 Hopping Avenue | RETURN TO: Address 1602 Amboy Road |
| Staten Island, NY | City/State/Zip Staten Island, NY 10304 |

Title/Agent Company Name
JTD Land Services

**BLOCKING SECTION**

Title Company File Number
JTDR-02855

Block 8005
Lots(s) 147 ___ Partial Lot(s)_____

Describe Document(s) ___Deed_____

Name & Party 1 Martha Lotvin
Address

Party 2 Christopher Ezzo and Angela Ezzo, his wife

========== **COUNTY CLERK'S USE ONLY...Do Not Write Below This Line** ==========

Examined By:_____ Date_11/8/02_ Blocked:
By:_____ Date 11/18/02

Mtge. Amount $_____
Mtge. Tax Collected $_____

Verified By:

Exemption                    a. Address____ b. Tax Map____
Yes___ No___               c.Legal Descr.___ d. Blk/lot____
If yes-
Type: [253] [255] Other_____    Dwelling Type: [1to3] [4to6] [over 6]
[Vacant][Commercial]

Recording Fee $ 16+20+3

Affidavit Fee $_____
Consideration $ 1090.00
Lien deduction $_____
RPT Tax $ 4830

RETT Tax $ 2760

Recording Fees: 3
a. Page Count____ b. Extra Block(s)_____
c. Extra Lot(s)_____ d. Extra Mortgage Cited

RECORDED IN RICHMOND COUNTY
JAN 14 2003
RICHMOND COUNTY CLERK

01/14/2003 3428
RECEIPT# 3473
RICHMOND COUNTY CLERK
DOCUMENT # 3428
RETT: 5112
RPT1 5112
$2,760.00
$4,832.50
12103337 P.M.
FEE: $66.00
12103337 P.M.

**RICHMOND COUNTY CLERK RECEIVED**

2002 NOV -6 P 4:47

RCT-CL1-3/01

REEL | 4 0 2 5 PAGE | 0 5

**EXHIBIT B**

 

Office of the
Richmond County Clerk
130  Stuyvesant  Place
Staten Island, NY 10301

Hon. Stephen J. Fiala, County Clerk

ACS-000000000300995-000000000401712-007

### Recording and Endorsement Cover Page

Document Id:        000000000401712    Document Date: 05/26/2011      Preparation Date:  06/23/2011
Document Type:      DEED RESIDENTIAL
Document Page Count:  00007

| PRESENTER: | RETURN TO: |
|---|---|
| EMERSON HILL ABSTRACT CORP. | JENNIFER CUTRONA, ESQ. |
| 1082 FOREST AVENUE | 1082 FOREST AVENUE |
| EHA-191 | |
| STATEN ISLAND NY, 10310 | STATEN ISLAND NY, 10310 |

PROPERTY DATA    # OF BLOCKS    1    # OF LOTS    1
Block    Lot              Unit    Address
8005    140  Entire Lot          65 HOPPING AVENUE ✓
Property Type:    Dwelling Only - 1 Family

### PARTIES

| GRANTOR | GRANTEE |
|---|---|
| GEORGE KERBER | SUSAN HANAN |
| 122 BUTLER AVENUE | 65 HOPPING AVENUE |
| | |
| STATEN ISLAND NY, 10307 | STATEN ISLAND NY, 10307 |
| | |
| | "And Others" |

### SUPPORTING DOCUMENTS

RPT
TP-584
RP5217 NYC(1 Original & 1 Copy with Document)
SMOKE AFFIDAVIT
HOUSING AFFIDAVIT

### PAYMENT DETAIL

Make Checks Payable to:
==================================================================================
Richmond County Clerk:                    174.00 Recording Fees
                                   ----------------------
Total Payments For This Document:         174.00      **FEES PAID**
==================================================================================

EXAM _____ DATE _____  RECORDED IN RICHMOND COUNTY

JUL. - 1 2011

COUNTY CLERK

LAND DOC# 386602
23R-DEEDS
RETT: 5389      $.00
RPT: 5389       $.00
07/01/2011    11:05:54 A.M.
RECEIPT#: 29159   FEE: $174.00
RICHMOND COUNTY CLERK

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT-THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

THIS INDENTURE, made May 26, 2011 **BETWEEN**

**GEORGE KERBER**
residing at 122 Butler Avenue, Staten Island, New York 10307

party of the first part, and

**SUSAN HANAN AND CAROL MCCALL, AS JOINT TENANTS WITH A RIGHT OF SURVIVORSHIP**
residing at 65 Hopping Avenue, Staten Island, New York 10307

party of the second part,

**WITNESSETH,** that the party of the first part, in consideration of    TEN AND MORE
dollars,
lawful money of the United States,                                                               paid
by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

**ALL** that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Staten Island, County of Richmond, City and State of New York and described in **Schedule "A" annexed hereto and made a part hereof.**

**PREMISES** commonly known as:   65 Hopping Avenue, Staten Island, New York 10307.

**SUBJECT** to covenants, easements, restrictions, declarations and agreements of record.

**BEING** the same premises conveyed to the party of the first part by deed dated March 25, 2011, and recorded on April 4, 2011, in Document # 377355, in the office of the Clerk of the County of Richmond.

**TOGETHER** with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above described premises to the center lines thereof,

**TOGETHER** with the appurtenances and all the estate and rights of the party of the first part in and to said premises,

**TO HAVE AND TO HOLD** the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

**AND** the party of the first part covenants that the party of the first part has not done or suffered anything whereby the said premises have been encumbered in any way whatever, except as aforesaid.

**AND** the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose.

The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.

**IN WITNESS WHEREOF,** the party of the first part has duly executed this deed the day and year first above written.

IN PRESENCE OF:

*George Kerber*
GEORGE KERBER

USE ACKNOWLEDGEMENT FORM BELOW WITHIN NEW YORK STATE ONLY:

STATE OF NEW YORK, COUNTY OF RICHMOND    ss.:

On the 26TH day of May, in the year 2011, before me, the undersigned, a notary public in and for said State, personally appeared, GEORGE KERBER, personally known to me or proved to be on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person on behalf of which the individual(s) acted, executed the instrument.

_____

ENNIFER CUTRONA Notary Public
Public, State of New York
No. 02CU5043205
fied in Richmond County,
ssion Expires May 8, 20_15_

CKNOWLEDGEMENT FORM FOR USE WITHIN NEW YORK ATE ONLY:
rw York Subscribing Witness Acknowledgement Certificate)

ATE OF NEW YORK, COUNTY OF    ss.:

the   day of  , in the year 2011 before me, the undersigned, ionally appeared
subscribing witness to the foregoing instrument, with whom I am onally acquainted, who, being by me duly sworn, did depose and that he/she/they reside(s) in
e place of residence is in a city, include the street and street ber, if any, thereof); that he/she/they know(s) to be the individual ribed in and who executed the foregoing instrument; that said cribing witness was present and saw said execute the same; and that witness at the same time subscribed his/her/ their name(s) as a ss thereto.

_____
Notary Public

GAIN AND SALE DEED
Covenant Against Grantor's Acts

x:

BER
      TO

AN/McCALL

---

USE ACKNOWLEDGMENT FORM BELOW WITHIN NEW YORK STATE ONLY:

STATE OF NEW YORK, COUNTY OF    ss.:

On the   day of in the year 2011, before me, the undersigned, personally appeared   personally known to me or proved to be on the basis of satisfactory evidence to be the individual(s) whose name (s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies) on the instrument, the individual(s), or person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

ACKNOWLEDGEMENT FORM FOR USE OUTSIDE NEW YORK STATE ONLY:
(Out of State or Foreign General Acknowledgement Certificate)

.......................................................... ss.:
(Complete Venue with State, Country, Province or Municipality)

On the   day of   in the year 2011 before me, the undersigned, personally appeared
personally known to me or proven to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), that by his/her/their signature(s) on the instrument, the individual(s), executed the instrument, and that such individual made such appearance before the undersigned in the
STATE OF   . COUNTY OF
(Insert the city or other political subdivision and the state or country or other place the acknowledgment was taken)

_____
Notary Public

SECTION

BLOCK: 8005

LOT: 140

COUNTY: Richmond

ADDRESS: 65 Hopping Avenue, Staten Island, New York 10307

RECORD AND RETURN BY MAIL TO:

JENNIFER CUTRONA, ESQ.
1082 FOREST AVENUE
STATEN ISLAND, NEW YORK 10310

# THE CITY OF NEW YORK
## VITAL RECORDS CERTIFICATE

*Exhibit*

### DEATH TRANSCRIPT

**THE CITY OF NEW YORK - DEPARTMENT OF HEALTH AND MENTAL HYGIENE**

**CERTIFICATE OF DEATH**

Certificate No. 156-11-016974

DATE FILED — NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE — APRIL 21, 2011 09:48 PM

**Decedent's Legal Name:** Agnes Kerber

2a. Place of Death: New York City — Borough: Staten Island
2c. Type of Place of Death: Decedent's Residence
2d. Name/address: 122 Butler Avenue

Date and Time of Death: April 30, 2011, 5:30 AM
Sex: Female

Medical certification: NATURAL CAUSES

Name of Physician: Thomas C. Henry, M.D.

7a. Usual Residence State: New York — County: Richmond — City/Town: Staten Island — 122 Butler Avenue — ZIP: 10307

Date of Birth: 75 years

11a. Usual Occupation: School Teacher — Kind of business/industry: NYC Public Schools
12. Alias/AKA: Agnes Grace Kerber

13. Birthplace: Jersey City, NJ

16. Marital Status: Married

17. Surviving Spouse: George A. Kerber

18. Father's Name: John Weldon
19. Mother's Maiden Name: Marie McCall

20a. Informant's Name: George A. Kerber — Relationship: Husband — Address: 122 Butler Ave, S.I., N.Y. 10307

21a. Method of Disposition: Cremation — Place of Disposition: Rosehill Crematory
21c. Location: Linden, New Jersey — Date: 05/02/2011

22a. Funeral Establishment: Bedell-Pizzo Funeral Home — Address: 1441 Amboy Rd, S.I., N.Y. 10307

This is to certify that the foregoing is a true copy of a record on file in the Department of Health and Mental Hygiene. The Department of Health and Mental Hygiene does not certify to the truth of the statements made thereon, as no inquiry as to the facts has been provided by law.

Do not accept this transcript unless it bears the security features listed on the back. Reproduction or alteration of this transcript is prohibited by §3.19(b) of the New York City Health Code if the purpose is the evasion or violation of any provision of the Health Code or any other law.

Steven P. Schwartz, Ph.D., City Registrar

DATE ISSUED: April 21, 2011

  

FIRST AMERICAN TITLE INSURANCE COMPANY

Title No. EHA 11-0823

**REVISED**
**SCHEDULE A**

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Fifth Ward of the Borough of Richmond, City and State of New York, and being designated as part of Lot One as shown on Map of the Biddle Grove Property belonging to A.H. Wood, Jas. C. Robinson and Jas. W. Slaight, Tottenville, William T. Elliott, Surveyor and filed in the Richmond County Clerk's Office June 30, 1870 as Map No. 279, and being more particularly bounded and described as follows:

BEGINNING at a point on the Northwesterly line of Hopping Avenue, which point is distant 706.67 feet Northeasterly from the corner formed by the intersection of the Northerly line of Amboy Road with the Westerly line of Hopping Avenue; and running

THENCE North 58 degrees 05 minutes 13 seconds West, 224.40 feet to the line of Mean High Water of the Arthur Kill; and running

THENCE North 19 degrees 09 minutes 30 seconds East, along the line of Mean High Water of the Arthur Kill, 102.53 feet to the Northwesterly corner of land formerly of Samuel DeHart and now of the City of New York;

THENCE South 58 degrees 05 minutes 13 seconds East, along the Westerly line of land formerly of Samuel DeHart and now of the City of New York about 246.60 feet (225 feet on the prior deed) to the Northwesterly line of Hopping Avenue;

THENCE South 31 degrees 39 minutes 47 seconds West, along the Northwesterly line of Hopping Avenue 100 feet to the point or place of BEGINNING.

**AND**

ALL that certain parcel of land under the waters of the Staten Island Sound between Staten Island and the State of New York in front of the uplands described in Parcel I herein in the Town of Tottenville, Fifth Ward, Borough and County of Richmond, City and State of New York, bounded and described as follows:

- CONTINUED -   insur

SCHEDULE A
(continued)

EHA 11-0823

Continued.........................

BEGINNING at the point of intersection formed by the line of ordinary highwater of said Sound and the Northeasterly boundary line of lands now of David F. Coleman; running

THENCE Northwest on a prolongation Northerly of the said Northeasterly boundary line of lands of said David F. Coleman 554 feet more or less to the bulkhead and pier line as projected by the Act of 1857;

THENCE Northeast along said projected bulkhead and pier line 100 feet;

THENCE Southeast in a straight line about 567 feet to the line of ordinary highwater at a point 100 feet Easterly from the point of beginning;

THENCE Southwesterly along said line of ordinary highwater 100 feet to the point or place of BEGINNING. Be said area and dimensions more or less.

FOR CITY USE ONLY

C1. County Code
C2. Date Deed Recorded
C3. Book
OR
C4. Page
C5. CRFN

REAL PROPERTY TRANSFER REPORT
STATE OF NEW YORK
STATE BOARD OF REAL PROPERTY SERVICES
RP - 5217NYC

PROPERTY INFORMATION

1. Property Location: 65 | Hopping Avenue | Staten Island | 10307

2. Buyer Name: Hanan | Susan
McCall | Carol

3. Tax Billing Address: Indicate where future Tax Bills are to be sent if other than buyer address (at bottom of form) | N.Y

4. Indicate the number of Assessment Roll parcels transferred on the deed: 1 # of Parcels OR ☐ Part of a Parcel

4A. Planning Board Approval - N/A for NYC
4B. Agricultural District Notice - N/A for NYC

Check the boxes below as they apply:
6. Ownership Type is Condominium ☐
7. New Construction on Vacant Land ☐

5. Deed Property Size: 100 X 225 OR |

8. Seller Name: Kerber | George

9. Check the box below which most accurately describes the use of the property at the time of sale:

A [X] One Family Residential
B ☐ 2 or 3 Family Residential
C ☐ Residential Vacant Land
D ☐ Non-Residential Vacant Land
E ☐ Commercial
F ☐ Apartment
G ☐ Entertainment / Amusement
H ☐ Community Service
I ☐ Industrial
J ☐ Public Service

SALE INFORMATION

10. Sale Contract Date: 5 / 26 / 2011

11. Date of Sale / Transfer: 5 / 26 / 2011

12. Full Sale Price: 0
( Full Sale Price is the total amount paid for the property including personal property. This payment may be in the form of cash, other property or goods, or the assumption of mortgages or other obligations.) Please round to the nearest whole dollar amount.

13. Indicate the value of personal property included in the sale: 0

14. Check one or more of these conditions as applicable to transfer:
A [X] Sale Between Relatives or Former Relatives
B ☐ Sale Between Related Companies or Partners in Business
C ☐ One of the Buyers is also a Seller
D ☐ Buyer or Seller is Government Agency or Lending Institution
E ☐ Deed Type not Warranty or Bargain and Sale (Specify Below)
F ☐ Sale of Fractional or Less than Fee Interest ( Specify Below )
G ☐ Significant Change in Property Between Taxable Status and Sale Dates
H ☐ Sale of Business is Included in Sale Price
I ☐ Other Unusual Factors Affecting Sale Price ( Specify Below )
J ☐ None

ASSESSMENT INFORMATION - Data should reflect the latest Final Assessment Roll and Tax Bill

15. Building Class: B, 2
16. Total Assessed Value (of all parcels in transfer): 3, 5, 6, 6, 5

17. Borough, Block and Lot / Roll Identifier(s) ( If more than three, attach sheet with additional identifier(s) )

Staten Island, 8005, 140 |

CERTIFICATION

I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and I understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments.

✓ Susan Hanan BUYER
Carol McCall  5/26/11

65 | Hopping Avenue

Staten Island | N.Y | 10307

BUYER'S ATTORNEY

Jennifer Cutrona | Esq.

(718) | 981-9200

SELLER
✓ George Kerber  5·26·11

**EXHIBIT C**



**DEPARTMENT OF THE ARMY**
NEW YORK DISTRICT, CORPS OF ENGINEERS
JACOB K. JAVITS FEDERAL BUILDING
NEW YORK, N.Y. 10278-0090

REPLY TO
ATTENTION OF

REGULATORY BRANCH

NOV 2 2 2013

SUBJECT: Permit Application File Number NAN-2013-00809-EMC By Bentley Yacht Club for modifications to a mooring field in an existing marina in the Arthur Kill in Staten Island, Richmond County, New York.

1. PERMITTEE:
Bentley Yacht Club
91 Hopping Avenue
Staten Island, New York 10307
917-807-9313

2. On August 16, 2013, the New York District of the U.S. Army Corps of Engineers received a request for Department of the Army authorization to maintain an existing mooring field, consisting of 22 moorings; a 6-foot-wide by 44-foot-long fixed dock; a 6-foot-wide by 31.5-foot-long dock; and a 14-foot-wide by 31.5-foot-long dock positioned in an "L" shape configuration. The site is in the Arthur Kill, located in Staten Island, Richmond County, New York.

3. The specific applicant–provided details are as shown on the attached dated survey and drawing.

4. This determination covers only the work described in the submitted material. Any major changes in the project may require additional authorizations from the New York District of the U.S. Army Corps of Engineers.

5. Based on the information submitted to this office and accomplishment of any required notification in accordance with the applicable federal requirements, our review of the subject work indicates that an individual Department of the Army permit is not required. It appears that the activities within the jurisdiction of this office could be accomplished under Department of the Army Nationwide General Permit Number # 28, MODIFICATIONS OF EXISTING MARINAS, in accordance with Section 404 of the Clean Water Act (33 USC 1344, as amended). The nationwide permits are prescribed at Reissuance of Nationwide Permits in the Federal Register dated February 21, 2012 (77 FR 10184). The subject work may be performed without further authorization from this office provided it complies with the permit conditions listed in Section B, # 28, MODIFICATIONS OF EXISTING MARINAS; Section C; any applicable New York District regional conditions; the following work-specific Special Conditions listed below; and any applicable regional conditions added by the State of New York.

REGULATORY BRANCH

NOV 2 2 2013

SUBJECT:   Permit Application File Number NAN-2013-00809-EMC By Bentley Yacht Club for modifications to a mooring field in an existing marina in the Arthur Kill in Staten Island, Richmond County, New York.

6. Other than the work-specific Special Conditions listed below, the 2012 nationwide general permits in the State of New York, including their final regional conditions, water quality certifications, and coastal zone concurrence statements are available at:

http://www.nan.usace.army.mil/Portals/37/docs/regulatory/geninfo/natp/NWP_PN_30MAY12.pdf

If you require a specific paper copy, please contact our Regulator-of-the-Day at 917-790-8511 to request one be mailed to you.  Please be sure to have the above eighteen-character file number readily available when you call.

7. Work-specific Special Conditions:

(A)    The permittee understands and agrees that, if future operations by the United States require the removal, relocation, or other alteration, of the structure or work herein authorized, or if, in the opinion of the Secretary of the Army or his authorized representative, said structure or work shall cause unreasonable obstruction to the free navigation of the navigable waters, the permittee will be required, upon due notice from the Corps of Engineers, to remove, relocate, or alter the structural work or obstructions caused thereby, without expense to the United States. No claim shall be made against the United States on account of any such removal or alteration.

(B)    The permittee, and their agents, shall take actions to prevent construction materials, including debris, from entering any waterway to become drift or pollution hazards.

(C)    The permittee shall contact the appropriate state and local government officials to ensure that the subject work is performed in compliance with their requirements.

(D)    The permittee shall sign and submit the attached compliance certification form to this office within 30 days of the completion of the regulated activity authorized by this permit and any mitigation work required by Special Condition.

8. Please note that this nationwide general permit (NWGP) verification is based on a preliminary jurisdictional determination (JD).  A preliminary jurisdictional determination (JD) is not appealable.  If you wish, prior to commencement of the authorized work you may request an approved jurisdictional determination (JD), which may be appealed, by contacting the New York District, US Army Corps of Engineers for further instructions.  To assist you in this decision and address any questions you may have on the differences between preliminary and approved jurisdictional determinations, please review US Army Corps of Engineers Regulatory Guidance Letter Number 08-02, which can be found at:

http://www.usace.army.mil/Portals/2/docs/civilworks/RGLS/rgl08-02.pdf

REGULATORY BRANCH

NOV 2 2 2013

SUBJECT: Permit Application File Number NAN-2013-00809-EMC By Bentley Yacht Club for modifications to a mooring field in an existing marina in the Arthur Kill in Staten Island, Richmond County, New York.

9. This verification is valid until March 17, 2017, unless the nationwide general permits are modified, reissued, or revoked before then. This verification will remain valid until March 17, 2017, if the subject work activity complies with the terms of any subsequent modifications of the nationwide general permits. If the nationwide general permits are suspended, revoked, or modified in such a way that the subject activity would no longer comply with the terms and conditions of a nationwide general permit, and the proposed work activity has commenced, or is under contract to commence, the permittee will have twelve (12) months from the date of such permit action to complete the regulated work.

10. In order for us to better serve you and others, please complete our Customer Service Survey located at:

http://per2.nwp.usace.army.mil/survey.html

11. Any inquires should be directed to our Regulator-of-the-Day at 917-790-8511. Please be sure to have the above eighteen-character file number readily available when you call.

Christopher S. Mallery Ph.D
Deputy Chief, Regulatory Branch

Encls (2)
1. Dated Permit Drwg
2. Completion Form

CF: w/o encls
Robert Minlionica
NYS DEC Reg 2

91 Hopping Avenue, Staten Island, NY 10307 - Google Maps

Google



N AN - 2013 - 00 805 - CMC

NOV 2 2 2013

11/14/2013

# NATIONWIDE GENERAL PERMIT
## COMPLIANCE CERTIFICATION
## AND REPORT FORM

Permit File Number: <u>NAN-2013-00809-EMC</u>
Permittee: <u>Bentley Yacht Club</u>
Location: <u>Staten Island, Richmond County, New York</u>
Date Permit Letter Issued: _____ NOV 2 2 2013 _____

Within 30 days of the completion of the activity authorized by this nationwide general permit and any mitigation required in the verification letter, please sign this certification and return it to the address at the bottom of this form.

Please note that your permitted activity is subject to a compliance inspection by a U.S. Army Corps of Engineers representative.  If you fail to comply with the permit's terms and conditions you are subject to permit suspension, modification or revocation.

I hereby certify that the work authorized by the above referenced nationwide general permit has been completed in accordance with the terms and conditions of said permit, and required mitigation was completed in accordance with the permit conditions.

_____        _____
Signature of Permittee                                      Date

FOLD THIS FORM INTO THIRDS, WITH THE BOTTOM THIRD FACING OUTWARD.
TAPE IT TOGETHER AND MAIL TO THE ADDRESS BELOW OR FAX (212) 264-4260.

_____
_____
_____

PLACE
STAMP
HERE

DEPARTMENT OF THE ARMY
NEW YORK DISTRICT CORPS OF ENGINEERS
JACOB K. JAVITS FEDERAL BUILDING
ATTN: CENAN-OP-RE
NEW YORK, NEW YORK 10278-0090